# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| Otter Products, LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| The Jel Sert Co., | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Otter Products, LLC ("Plaintiff" or "Otter Products", for its complaint against Defendant, The Jel Sert Co. ("Defendant" or "Jel Sert"), allege as follows:

### JURISDICTION & VENUE

1.      This Court has subject matter jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 2201, 1331, and 1332. This is an action for declaratory judgment concerning rights arising under the federal Lanham Act, 15 U.S.C. § 1051, et al., between and among, on the one hand, a citizen of the state of Colorado and, on the other and on information and belief, a citizen of the state of Illinois. The value of the disputed rights in this controversy exceeds $75,000.

2.      This Court has personal jurisdiction over the Jel Sert because Jel Sert's products relevant to this dispute are marketed and sold in Colorado and this District, and, on information and belief, Jel Sert conducts substantial business activities directed to consumers within

Colorado.  Namely, Jel Sert's products at issue in this case, OTTER*POPS branded popsicles, are sold throughout Colorado.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because Jel Sert is a "resident" subject to personal jurisdiction in this District and because a substantial part of the events giving rise to the instant dispute occurred in this District.

## THE PARTIES

4.      Otter Products, is a limited liability company organized under the laws of the State of Colorado with a place of business in this District at 209 S. Meldrum Street, Fort Collins, Colorado 80521.

5.      On information and belief, Jel Sert is an Illinois corporation with a place of business at 501 Conde Street, West Chicago, Illinois 60185.

## FACTUAL BACKGROUND

Otter Products' OTTERBOX Brand is Famous for Mobile Device Accessories

6.      Otter Products is the industry leader in providing accessories for personal electronic devices. Otter Products owns the globally renowned OTTERBOX and LIFEPROOF brands of protective cases, covers, and related accessories for smart phones, tablets, laptops, and other electronic devices.

7.      During approximately the last twenty years, the market for mobile devices and technology has exploded. With the advent of the Apple® iPhone® during the early 2000s came the need for devices and accessories designed to optimize and protect those expensive investments. Otter Products was among the first companies to design products to fulfill that need.

8.      Since at least as early as 1998, Otter Products has manufactured and sold phone cases and covers under its OTTERBOX mark. Otter Products has spent millions of dollars

advertising its OTTERBOX brand and products during the last two decades. Total sales for OTTERBOX branded products in that timeframe exceed $1 billion.

9.      The majority of pre-adult and adult consumers in the United States use some form of smartphone, and Otter Products provides protective cases and covers compatible with nearly all available models. Accordingly, a substantial portion of the consuming public in this country use or have used Otter Products' products.

10.      Consequently, Otter Products has accumulated substantial goodwill under its OTTERBOX brand and mark and the same has become an extremely valuable asset to Otter Products' business.

11.      Otter Products operates a website located at the domain name www.otterbox.com, which it registered in or about July 1998.

12.      Otter Products owns numerous federal trademark registrations for its OTTERBOX mark, and related marks, including the following:

| MARK | REGISTRATION NUMBER / DATE | GOODS & SERVICES |
|---|---|---|
| OTTER BOX | Reg. No. 2,287,619<br>Registered Oct. 19, 1999 | Non-metal, water-tight containers for outdoor recreational use |
| OTTERBOX | Reg. No. 3,788,534<br>Registered May 11, 2010 | Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers |

| OTTER BOX | Reg. No. 3,788,535<br>Registered May 11, 2010 | Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers |
|---|---|---|
|  | Reg. No. 3,791,318<br>Registered May 18, 2010 | Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers |
| OTTERCARES | Reg. No. 4,101,071<br>Registered Feb. 21, 2012 | Charitable services, namely, coordination of charitable giving in the community in the nature of accepting and administering monetary charitable contributions |
|  | Reg. No. 4,116,998<br>Registered Mar. 27, 2012 | Charitable services, namely, coordination of charitable giving in the community in the nature of accepting and administering monetary charitable contributions |
|  | Reg. No. 4,293,603<br>Registered Feb. 19, 2013 | Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers |

|  | Reg. No. 4,348,143<br>Registered Jun. 4, 2013 | Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers |
| OLIVIA THE OTTER | Reg. No. 4,348,165<br>Registered June 4, 2013 | Protective cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers |
|  | Reg. No. 4,348,166<br>Registered June 4, 2013 | Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers |
| OTTERBOX | Reg. No. 4,451,386<br>Registered Dec. 17, 2013 | On-line retail store services featuring protective cases for handheld electronic devices, namely, cell phones, portable media players, tablets, e-book readers, and computers |
| OTTERBOX CASE COMPATIBLE | Reg. No. 4,493,831<br>Registered Mar 11, 2014 | Polyurethane films for covering and protecting surfaces of electronic devices, namely, cell phones, smart phones, personal digital assistants, computers, laptops, tablets, and portable media players |

| OTTERBOX | Reg. No. 4,509,483<br>Registered Apr. 8, 2014 | Providing a website featuring news and commentary in the field of mobile technology |
|---|---|---|
| OTTERBOX | Reg. No. 4,602,221<br>Registered Sep. 9, 2014 | Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers |

|  | Reg. No. 5,131,880<br>Registered Jan. 31, 2017 | Protective cases and covers for mobile electronic devices, namely, smartphones, tablet computers; protective cases and covers adapted to accommodate external accessories for use with mobile electronic devices, namely, smartphones, tablet computers; accessories specially adapted for use with protective cases and covers for smartphones, tablet computers, namely, batteries and power management systems comprised of a power switch and power indicator, wallet features, camera systems comprised of lenses, carrying apparatus, tripod, extension pole camera support, audio systems comprised of speakers, audio boost and microphone, mounting devices, mobile payment systems comprised of a chip reader, magstripe reader and electronic storage systems comprised of a flash drive |
|---|---|---|
| OLLIE THE OTTER | Reg. No. 5,223,273<br>Registered Jun. 13, 2017 | Stuffed and plush toys. |
|  | Reg. No. 5,498,180<br>Registered Jun 19, 2018 | Protective cases and covers for mobile electronic devices, namely, smartphones and tablets |

| OTTERSHELL | Reg. No. 5,624,261<br>Registered Dec. 4, 2018 | Protective cases for laptop computer, tablet computers, and accessories for laptop and tablet computers, namely, keyboards and speakers |
|---|---|---|
| OTTERBOX | Reg. No. 5,639,511<br>Registered Dec. 25, 2018 | Backpacks; travel bags; Duffle bags; Dry packs in the nature of backpacks; Dry bags; Luggage |
| OTTERBOX | Reg. No. 5,740,207<br>Registered Apr. 30, 2014 | Clothing, namely, shirts and jackets; headgear, namely, hats and caps |

The above registrations shall hereinafter be referred to as the "Otter Products Family of Registrations."

13.     With its success, Otter Products has significantly expanded and diversified its marketing campaigns and product lines. In doing so, Otter Products has developed and cultivated a brand family centered on the word "otter."

14.     Otter Products promotes its brand in a way that emphasizes the word OTTER and the image of an otter in its advertising and marketing materials. For example, the primary logo displayed on Otter Products' website and packaging features the word OTTER in capitalized block letters against a yellow backdrop above the image of an otter swimming on its back, with the word BOX disposed in smaller font between those two elements:

 

15. As a result of these practices, consumers predominately associate the idea of an otter in the marketplace with Otter Products' brand of protective cases and related products and services.

16. Otter Products has also developed a diversified portfolio of sub-brands. Two of those sub-brands developed in recent years, which are relevant to this dispute, are the SYMMETRY and DEFENDER SERIES brands of phone cases.

The POPSOCKETS Brand is Famous for Grip Accessories for Mobile Devices

17. PopSockets is one of the nation's leading providers of grips, mounts, and clip accessories for handheld electronic devices. As the capabilities of smartphones increased, so too has the amount of time people spend on their smartphones.  PopSockets was among the first companies to identify the need for detachable and collapsible socket grips to assist users in handling their smartphones.

18. PopSockets has manufactured and sold collapsible socket grips for smartphones under its POPSOCKETS brand since 2012.

19. PopSockets operates a website located at the domain name www.popsockets.com, which it registered in or about August 2011.

20. PopSockets owns numerous federal trademark registrations for its POPSOCKETS mark, and related marks, including the following:

| MARK | REGISTRATION NUMBER / DATE | GOODS & SERVICES |
|---|---|---|
| POPSOCKETS | Reg. No. 4,572,125<br><br>Registered Jul. 22, 2014 | Carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with handheld digital electronic devices, namely, phones, sound players, video players |
| PopSockets | Reg. No. 4,575,440<br><br>Registered Jul. 29, 2014 | Carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with handheld digital electronic devices, namely, phones, sound players, video players |
| POPCLIP | Reg. No. 4,942,725<br><br>Registered Apr. 19, 2016 | Stands for handheld digital electronic devices, namely, cell phones equipped with extending attachments |
| POPSOCKETS | Reg. No. 5,204,637<br><br>Registered May 16, 2017 | Grips, stands, and mounts for handheld electronic devices, namely, smartphones, tablets, cameras, sound players, and video players |
| POPSOCKETS | Reg. No. 5,486,563<br><br>Registered Jun. 5, 2018 | Hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players |

| POP | Reg. No. 5,662,835<br>Registered Jan. 22, 2019 | Hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players |
|---|---|---|
| POP FOR PURPOSE | Reg. No. 5,575,924<br>Registered Oct. 2, 2018 | Hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players |
| POPSOCKETS | Reg. No. 5,747,273<br>Registered May 7, 2019 | Hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players |
| POPGRIP | Reg. No. 5,757,735<br>Registered May 21, 2019 | Hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players; Structural components for hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players, namely, adhesive bases and detachable expandable grips |

| POPTOP | Reg. No. 5,757,736<br><br>Registered May 21, 2019 | Structural components for hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players, namely, detachable expandable grips |
|---|---|---|
| POPWALLET | Reg. No. 5,757,737<br><br>Registered May 21, 2019 | Wallets with card compartments. |
| POPMINIS | Reg. No. 5,757,738<br><br>Registered May 21, 2019 | Hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players |

| POPTIVISM | Reg. No. 5,783,395<br>Registered Jun. 18, 2019 | Hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players (Intl. Class 9)<br><br>Charitable fundraising by means of manufacturing and selling custom hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players and directing a portion of customer payments to a charity of the customer's choice  (Intl. Class 36)<br><br>Custom manufacture of hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players for others for purposes of charitable fundraising (Intl. Class 40) |

The above registrations shall hereinafter be referred to as the "Pop Family of Registrations."

21. Throughout its growth, PopSockets has developed and cultivated a brand family centered on the word "POP."

22. PopSockets promotes its brand in a way that emphasizes the word POP in its advertising and marketing materials. For example, the primary logo displayed on PopSockets' website and packaging features the POP element disposed in dark capitalized block letters, with

the "O" stylized to mimic the look of its famed socket grip, and the SOCKETS element disposed in bright capitalized block letters, with each letter being a different color:





23.    PopSockets has also developed a diversified portfolio of product lines and sub-brands in recent years. For instance, as depicted in the above image, PopSockets sells socket grips under the POPGRIP and POPMINIS sub-brands; it sells replacement socket covers under its POPTOP sub-brand; it sells wallets under its POPWALLET sub-brand; and it sells clip mounts under its POPMOUNT sub-brand.

24.    As a result of these practices, consumers predominately associate the word POP in the marketplace with PopSockets' brand of products.

Otter Products and PopSockets Collaborate to Create "OTTER + POP" Mobile Device Cases

25.    Because Otter Products and PopSockets are the industry leaders for protective smartphone cases and detachable socket grips, respectively, they decided to partner with one another to provide joint branded smartphone cases incorporating socket grips. In 2018, Otter Products and PopSockets began collaborating to design products and marketing strategies under the partnership.

26.     The partnership was announced in January 2019, and the joint branded products were thereafter marketed and sold by both Otter Products and PopSockets.  Consumers can now purchase Otter Products' SYMMETRY and DEFENDER SERIES smartphone cases equipped with PopSockets' POPGRIP socket grips and tops. The socket grips are integrated into the case and the tops can be easily swapped out, enabling users to create change styles and colors.

27.     Otter Products and PopSockets both promote the joint branded products on their respective websites under the designations OTTERBOX + POPSOCKETS and OTTER + POP. The below images are representative of the current manner in which the products are advertised and sold on the Otter Products' and PopSockets' websites:



www.otterbox.com/en-us/popsockets-otterbox



www.popsockets.com/collections/otter-pop-phone-cases

28.    The products are extremely popular among consumers and the partnership has been successful for both Otter Products and PopSockets.

Jel Sert's Co-Promotion Overtures to Otter Products

29.    In May of 2018, Jel Sert and its licensing representative, LMC, Inc., approached Otter Products to request a meeting regarding co-marketing the Otter Products Family of Marks and OTTER*POPS brands.  Representatives from Jel Sert, Otter Products and LMC, Inc. met at the end of May 2018.

30.    After this meeting, Jel Sert's representative emailed employees of Otter Products to recap the meeting:

> We're definitely on to something big wherein Otter Box® and Jel Sert/Otter Pops® can combine equities to create a positive and significant impact in local communities (nationally) through an enhanced "Pops for Cops" philanthropic program … As envisioned, this program also has the potential to generate meaningful incremental sales of a special-edition co-branded Otter (x2) Box® cooler that can be made available to the broader market at a premium (e.g., $349 vs $299), with some of the proceeds supporting/expanding the community effort … these would be the same coolers the police use to distribute Otter Pops® within their communities …

31.    In short, Jel Sert wanted to make a connection between the parties' respective OTTER brands, presumably knowing the public would not confuse the parties' marks or that such a connection would impair the distinctiveness of Jel Sert's OTTER*POPS marks.

32.    Thereafter, in June of 2018, the president of Jel Sert, Mr. Ken Wenger, invited Otter Products employees to visit Jel Sert, tour the plant, and discuss how the parties could promote their OTTER brands together.

33.    The parties continued discussing co-promotion opportunities throughout 2018.  In early 2019, Otter Products, PopSockets, and Jel Sert began to discuss a collaboration surrounding Otter Products' mobile device cases equipped with PopSockets' POPGRIP socket grips and tops.

The parties exchanged proposed materials in January and February 2019, and shortly thereafter Jel Sert decided it would not participate in any co-branding.

34.     Surprisingly, on or about March 18, 2019, Otter Products received a letter from Jel Sert's outside counsel asserting that the use of the OTTER + POP designation was unauthorized by Jel Sert and likely to dilute the reputation and goodwill of the OTTER*POPS mark, "in violation of federal and state trademark, anti-dilution and unfair competition laws." The letter threatened Otter Products with a lawsuit for damages due to its willful dilution of the OTTER*POPS mark.  A copy of Jel Sert's "March 18 Letter" is attached hereto as **Exhibit A**.

35.     Otter Products responded by letter on or about March 25, 2019, explaining why Jel Sert's dilution concerns were unfounded and pointing to various forms of evidence indicating that Jel Sert's OTTER*POPS frozen treats brand had not achieved the requisite levels of fame on which to predicate a dilution claim. A copy of Otter Products' "March 25 Letter" is attached hereto as **Exhibit B**.

36.      After several months, Jel Sert's counsel replied by letter on or about July 19, 2019, again asserting that the use of the OTTER + POP designation constituted an unauthorized use likely to dilute the OTTER*POPS frozen treats brand. Though the letter purported to seek a business resolution, it threatened Otter Products with litigation unless the parties agreed that the use of the OTTER + POP designation would cease by December 2020. A copy of Jel Sert's "July 19 Letter" is attached hereto as **Exhibit C**.

37.     On information and belief, the OTTER*POPS brand does not have nationwide fame. None of Jel Sert's trademarks are widely recognized by the general consuming public of the United States, as required to state a dilution claim under 15 U.S.C. § 1125(c).

38.     For instance, one article published in 2018 indicates that Jel Sert does not even market the OTTER*POPS brand in the Middle and Eastern parts of the country. The online reader comments to that article reveal a plethora of examples where consumers across the country state they have never heard of the brand. *See* Ex. B at pp. 3-20.

39.     On further information and belief, the OTTER*POPS brand has not achieved any regional or statewide fame. Insofar as Jel Sert might allege dilution under state law, none of its trademarks is widely recognized by the general consuming public of any state or region in the United States.

40.     One challenge for Jel Sert in attaining wide consumer recognition of its OTTER*POPS brand, but certainly not the only challenge, is the crowded market in which it operates. The frozen treats market is highly saturated and subject to intense competition by many other well-known brands, including POPSICLE, DOVE, BEN & JERRY'S, BREYER'S, FLA*VOR*ICE, KLONDIKE, and TALENTI, to name just a few. On information and belief, each of the above-identified frozen treats brands is more widely recognized by the consuming public in the United States and in all its sub-regions than Jel Sert's OTTER*POPS brand.

41.     Even if Jel Sert could establish the requisite level of fame either nationally or regionally, Otter Products' and PopSockets' use of the OTTER + POP designation is not likely to impair the distinctiveness of the OTTER*POPS mark.

42.     The OTTER + POP designation is an obvious portmanteau of the two companies' well-known house marks, and was chosen to leverage the goodwill and reputation associated with the OTTERBOX and POPSOCKETS brands. As explained above, the parties have long purposefully marketed their respective brands to emphasize the OTTER and POP elements, respectively, which made the OTTER + POP shorthand designation an easy choice. Accordingly,

when consumers are exposed to the phone cases and grips under the OTTER + POP designation, they immediately associate it with the OTTERBOX and POPSOCKETS brands and not the OTTER*POPS brand of popsicles.

43.    On information and belief, both the OTTERBOX and POPSOCKETS brands are more widely recognized by the general consuming public in the United States and in all its sub-regions than the OTTER*POPS popsicle brand. Due to that greater degree of recognition, consumers are not likely to associate the OTTER + POP designation with the OTTER*POPS frozen treat brand. Even consumers who are familiar with the OTTER*POPS frozen treat brand are unlikely to make such an association.

44.    Accordingly, there exists an Article III case and controversy between and among Otter Products and Jel Sert concerning whether the OTTER + POP designation on smartphone cases and grips is likely to dilute the distinctiveness of the OTTER*POPS brand.

45.    Otter Products is being harmed by Jel Sert's repeated and unjustified allegations of dilution and threats of litigation, and it will continue to be harmed unless and until the Court enters a judgment declaring the parties' respective trademark rights. In particular, the specter of litigation has created a cloud of uncertainty regarding the continued use of the OTTER + POP designation.

46.    Otter Products is therefore entitled to a judgment from this Court declaring that its use of the OTTER + POP designation on smartphone cases and grips is not likely to dilute the distinctiveness of Jel Sert's OTTER*POPS marks. Such a determination and declaration is necessary and appropriate so that the parties can ascertain their respective rights and duties under law and equity regarding the OTTER + POP designation for smartphone cases and grips.

## COUNT I
### Declaratory Judgment of No Trademark Dilution under 15 U.S.C. § 1125(c)

47.     Otter Products repeats and incorporates by reference the allegations in each of the paragraphs above as if fully set forth herein.

48.     Through its March 18 Letter and its July 19 Letter, Jel Sert contends that Otter Products' use of the OTTER + POP designation for smartphone cases and grips constitutes dilution by blurring of its OTTER*POPS brand and trademarks.

49.     Otter Products contends the opposite. It contends that Jel Sert's OTTER*POPS brand and marks have not achieved the requisite levels of widespread consumer recognition – either nationally or regionally – to support a trademark dilution claim. Moreover, Otter Products contends that even if the OTTER*POPS brand is found to be sufficiently famous, its use of the OTTER + POP designation on smartphone cases and grips is not likely to impair the distinctiveness of the OTTER*POPS brand and marks.

50.     Accordingly, there exists an Article III judiciable case and controversy between Otter Products and Jel Sert concerning whether Otter Products' use of the OTTER + POP designation dilutes Jel Sert and its OTTER*POPS trademarks.

51.     Jel Sert's repeated and unjustified allegations of dilution and imposed specter of litigation have harmed and will continue to harm Otter Products unless and until the Court declares the parties' respective trademark rights.

**COUNT III**

**Declaratory Judgment of No Unfair Competition under 15 U.S.C. § 1125(a)**

52.     Otter Products repeats and incorporates by reference the allegations in each of the paragraphs above as if fully set forth herein.

53.     Through its March 18 Letter and its July 19 Letter, Jel Sert contends that Otter Products' use of the OTTER + POP designation for smartphone cases and grips constitutes unfair competition.

54.     Otter Products contends the opposite. Otter Products contends there is no likelihood of confusion, no false association or connection, and no dilution.  It contends that the parties' marks are not confusingly similar and the consuming public will not connect the two parties' marks in either an unfair, infringing or dilutive manner.

55.     Accordingly, there exists an Article III judiciable case and controversy between Otter Products and Jel Sert concerning whether Otter Products' use of the OTTER + POP designation unfairly competes with Jel Sert and its OTTER*POPS trademarks.

56.     Jel Sert's repeated and unjustified allegations of unfair competition and imposed specter of litigation have harmed and will continue to harm Otter Products unless and until the Court declares the parties' respective trademark rights.

## COUNT III
**Declaratory Judgment of No Unfair Competition under Colorado Common Law**

57.     Otter Products repeats and incorporates by reference the allegations in each of the paragraphs above as if fully set forth herein.

58.     Through its March 18 Letter and its July 19 Letter, Jel Sert contends that Otter Products' use of the OTTER + POP designation for smartphone cases and grips constitutes unfair competition, presumably under any applicable state common law.

59.     Otter Products contends the opposite. Otter Products contends there is no likelihood of confusion, no false association or connection, and no dilution.  It contends that the parties' marks are not confusingly similar and the consuming public will not connect the two parties' marks in either an unfair, infringing or dilutive manner.

60.     Accordingly, there exists an Article III judiciable case and controversy between Otter Products and Jel Sert concerning whether Otter Products' use of the OTTER + POP designation unfairly competes with Jel Sert and its OTTER*POPS trademarks.

61.     Jel Sert's repeated and unjustified allegations of unfair competition and imposed specter of litigation have harmed and will continue to harm Otter Products unless and until the Court declares the parties' respective trademark rights.

## PRAYER FOR RELIEF

WHEREFORE, Otter Products prays that this Court issue a judgment that:

A.      Declares that Otter Products' use of the OTTER + POP designation for smartphone cases and grips does not constitute trademark dilution vis-à-vis Jel Sert's OTTER*POPS brand and marks;

B.      Declares that Otter Products' use of the OTTER + POP designation for smartphone cases and grips does not constitute unfair competition vis-à-vis Jel Sert's OTTER*POPS brand and marks;

C.      Awards Otter Products its fees and costs incurred in this action; and

D.      Awards Otter Products such other and further relief the Court deems just and equitable.


Dated: July 24, 2019


Respectfully submitted,

*/s/ Dana Jozefczyk*
Dana Jozefczyk, #41501
MERCHANT & GOULD P.C.
1801 California St., Suite 3300
Denver, CO 80202
Telephone: 303.357.1670
Facsimile: 612.332.9081


*Attorney for Plaintiff*