**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| OTTER PRODUCTS, LLC<br><br>                Plaintiff,<br><br>v.<br><br>THE JEL SERT CO.,<br><br>  Defendant. | No. 1:19-cv-02126-CMA-NYW |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), Defendant The Jel Sert Co. ("Jel Sert") hereby moves this Court to dismiss Plaintiff's Complaint in its entirety on the grounds that the Court lacks subject matter and personal jurisdiction.[1]

This case arises from Plaintiff's unauthorized use of the mark OTTER+POP, which is virtually identical to Jel Sert's long-standing OTTER*POPS mark. Since 1970, Jel Sert and its predecessors have invested substantial resources and effort in marketing and promoting a line of flavored ice bars under the OTTER*POPS mark. As a result, the OTTER*POPS mark is widely recognized by consumers in the western United States – the primary area of distribution for OTTER*POPS ice bars – including particularly in California, where the mark has become famous and is protected by the California anti-dilution statue, Cal. Bus. & Prof. Code § 14247.

---

[1] Pursuant to CMA Civ. Practice Standard 7.1D, the defects in the Complaint cannot be corrected by filing an amended pleading. Counsel did confer regarding this motion, and Plaintiff will not agree to dismissal.

1

In early 2019, Plaintiff (the maker of OTTER BOX phone cases) and Pop Sockets LLC (the maker of POP SOCKET cell phone accessories) planned to market a co-branded line of smart phone cases under the OTTER+POP mark. Jel Sert initially was involved in talks with Plaintiff regarding a joint campaign around the OTTER+POP product launch that would also promote Jel Sert's OTTER*POPS brand. In March 2019, Plaintiff decided to market the OTTER+POP products without Jel Sert's involvement or authorization.

Jel Sert objected on the basis that unauthorized use of the OTTER+POP mark would dilute the distinctiveness of its famous OTTER*POPS brand. At the time, Jel Sert stated its objection in a letter from its outside counsel that broadly referenced federal and state laws. However, subsequent correspondence clarified that Jel Sert's dilution claim was premised on application of California state law and not the Lanham Act.

Over the next three months, the parties tried to resolve the matter by reconsidering the collaborative marketing program. When those talks broke down, Jel Sert's counsel sent another letter to restate the basis of its objection to the unauthorized use of the OTTER+POP mark. The letter attached a draft complaint, which bore a Central District of California caption and set forth only California state law causes of action. The letter also suggested a further conversation to discuss whether an amicable resolution was possible.

Plaintiff's counsel responded that she would "circle up with [her] team" and "get back" to Jel Sert's counsel. Instead, Plaintiff filed the instant action in Colorado only two days later. Plaintiff seeks declaratory judgment with respect to entirely different claims than those asserted by Jel Sert, namely claims based on the federal Lanham Act and

2

Colorado common law. In this way, Plaintiff raced to the courthouse in an attempt to deprive Jel Sert of its choice of forum. Jel Sert was then forced to file its own complaint in the Central District of California.

Plaintiff's action is improper for several reasons. First, this Court lacks subject matter jurisdiction. There is no case or controversy to support a declaratory judgment as to Plaintiff's federal or Colorado claims. Second, this Court lacks both general and specific jurisdiction over Jel Sert with respect to this matter. Third, even assuming *arguendo* that Plaintiff's claims are ripe and jurisdiction is proper, the Court should exercise its discretion to decline jurisdiction over this case. Plaintiff's declaratory judgment action is nothing more than blatant "procedural fencing" designed to make the lawsuit more expensive and inconvenient to Jel Sert, and it will not resolve the parties' dispute.

## I. FACTUAL BACKGROUND

Jel Sert is an Illinois corporation with its principal place of business in Illinois. Plaintiff is a citizen of Colorado. Compl. ¶ 1. As set forth above, Jel Sert objected to Plaintiff's plans to launch a line of smart phone cases under the mark OTTER+POP, which is virtually identical to Jel Sert's OTTER*POPS mark, without Jel Sert's participation and authorization.

Plaintiff's Complaint omits crucial facts with respect to the nature of Jel Sert's objection that highlight the impropriety of Plaintiff's race to the courthouse. On March 18, 2019, after discussions regarding a collaborative marketing effort stalled, Jel Sert's outside counsel sent Plaintiff's counsel a letter stating Jel Sert's concerns that Plaintiff's unauthorized use of the OTTER+POP mark would "dilute the reputation and goodwill of

our client's mark, in violation of federal and state trademark, anti-dilution and unfair competition laws." McShane Decl. ¶ 2.[2] On March 25, Plaintiff responded with a letter setting forth its position that the OTTER*POPS mark was not famous on a national level as contemplated by the Lanham Act, based in part on a 2018 quote from Jel Sert's marketing manager stating that Jel Sert uses the OTTER*POPS mark for flavored ice bars west of the Rocky Mountains, whereas east of the Rockies Jel Sert's ice bars are branded FLA•VOR•ICE. *Id.* ¶ 3; *see also* Compl. Exh. B.

During a telephone conference the next day, and in a confirming email on March 27, 2019, Jel Sert's counsel clarified that the OTTER*POPS mark is particularly well-known in California and that if the parties were unable to reach an agreement, they would need to resolve their dispute under California's anti-dilution statute. McShane Decl. ¶ 4. Inexplicably, Plaintiff's Complaint fails to mention these communications. The following day, March 28, 2019, Plaintiff's counsel sent an email to Jel Sert's counsel expressing Plaintiff's continuing interest in an amicable resolution and proposing that the parties' business people discuss a potential solution. *Id*. ¶ 5.

The parties then engaged in further business discussions, but again reached an impasse.  Thus, on July 19, 2019, Jel Sert's counsel sent a letter suggesting a final discussion before resorting to litigation. *Id.* ¶ 6; *see also* Compl. Exh. C. The letter also included a draft complaint, captioned in the Central District of California, setting forth

---

[2] In deciding a motion to dismiss based on lack of jurisdiction, it is proper for the Court to consider matters outside of the pleadings without converting the motion to one for summary judgment. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001); *Greenway Nutrients, Inc. v. Blackburn*, 2015 WL 1524941 at *2 (D. Colo. Feb. 20, 2015).

claims of trademark dilution and unfair competition pursuant to Cal. Bus. & Prof. Code §§ 14247 and 17200. McShane Decl. ¶ 6. Troublingly, Plaintiff attached the letter to its Complaint but omitted Jel Sert's draft complaint, which makes it clear that the only potential claims at issue arise under California law.

On July 22, 2019, Plaintiff's counsel responded via email, stating, "I'm disappointed to hear that discussions among our respective business people fell apart. Let me circle up with my team and get back to you." *Id*. ¶ 7. On Wednesday, July 24, 2019, Plaintiff's counsel followed up with a request to "set a time to touch base first thing on [the following] Monday to see where we stand." *Id*. ¶ 8. Instead of responding, Plaintiff filed the instant action for declaratory judgment that same day. *Id*. ¶ 9. Jel Sert filed its complaint in the Central District of California, setting forth California state claims for dilution and unfair competition, on July 31, 2019. *Id*. ¶ 10.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION

### A. There Is No Case or Controversy Regarding Plaintiff's Declaratory Judgment Claims.

Federal courts may adjudicate only actual cases and controversies. U.S. Const. art. III; *Aetna Life Ins. Co., of Harford, Conn. V. Haworth*, 300 U.S. 227, 239-40 (1937). A party claiming declaratory judgment jurisdiction has the burden of showing that "the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Broad pre-litigation assertions that ultimately result in the

commencement of narrower litigation do not give rise to a residual case or controversy with respect to assertions that were left out of a plaintiff's actual claim. *Mailer v. Zolotow*, 380 F. Supp. 894, 896 (S.D.N.Y. 1974).

Jel Sert's initial demand letter referred generally to federal and state trademark laws. However, Jel Sert thereafter made it clear that its dilution claim would arise under the California statue, which requires only that a mark be "widely recognized by the general consuming public of this state, or by a geographic area of this state," Cal. Bus. & Prof. Code § 14247, and not under the Lanham Act, which requires that a mark be nationally famous. Indeed, Plaintiff's counsel first raised the issue herself in her March 25, 2019 letter, in which she took the position that "consumers located outside the western region have no familiarity with the [OTTER*POPS] mark[.]" In response, Jel Sert's counsel expressly stated that absent a business resolution, the parties may be "force[d] … to resolve this matter under [the California] statute." Moreover, Jel Sert provided Plaintiff with a draft California complaint stating only causes of action under California state law. Jel Sert did not make any reference to federal claims after its initial demand letter and has not referred to a Colorado claim at any point in its communications with Plaintiff.

*Mailer v. Zolotow*, cited above, is instructive. There, the defendant was quoted in a magazine as saying he had instructed his lawyer to file suit against the plaintiff on various grounds including copyright infringement. *Id*. at 896. However, the actual complaint did not include a copyright claim. *Id*. The court found no case or controversy with respect to copyright because the filing of the complaint "had the effect of merging into one suit any overhanging threat or possibility of liability." *Id*. Therefore, "[a]ny

contingent threat became moot upon the filing of the California action alleging claims similar in nature to those charged in the article [but excluding the copyright claim]." *Id*.

The same is true here. To the extent Jel Sert's March and July letters (and draft complaint) constituted a threat to sue, it was only under California law. As in *Mailer*, any "contingent threat" with respect to federal law is moot.[3] Thus, there is no case or controversy with respect to Plaintiff's federal and Colorado claims.

### B. This Court Lacks Personal Jurisdiction Over Jel Sert with Respect to This Matter.

This Court also lacks personal jurisdiction over Jel Sert because Jel Sert does not have sufficient relevant contacts to Colorado to satisfy due process. The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Colorado's long-arm statute extends jurisdiction to the full extent of the due process clause of the Constitution. Colo. Rev. Stat. § 13-1-124; *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017).[4] Due process requires that the defendant has "purposefully established minimum contacts within the forum state" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id*.

---

[3] *See also, e.g., Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269 (Fed. Cir. 2012) (where plaintiff initially asserted 15 patent claims, but proceeded under only ten, no case or controversy with respect to the five un-asserted claims); *Fujitsu Ltd. v. Netgear, Inc.*, 2009 WL 2341810, at *6 (W.D. Wis. Jul. 29, 2009) (dismissal of a declaratory counterclaim is appropriate where a plaintiff removes a claim from its complaint).

[4] Jel Sert is an Illinois corporation with its headquarters in Illinois. In cases where the defendant resides outside of the forum state and the applicable federal statute does not provide for nationwide service of process, as in the case of the Lanham Act, the jurisdiction statute of the forum state governs. *Girl Scouts of the U.S. v. Steir*, 102 Fed. Appx. 217, 219 (2d Cir. 2004).

A court may exercise general personal jurisdiction over an out-of-state party for all purposes only "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). A corporation is typically "at home" only in its place of incorporation and its principle place of business. *Durango Merch. Servs., LLC v. Flagship Merch. Servs., LLC,* 2019 WL 3205958 at *2 (D. Colo. July 16, 2019). Accordingly, only Illinois courts may exercise general jurisdiction over Jel Sert.

Specific jurisdiction for a particular cause of action exists where the action relates to the party's contacts with the forum state. *Old Republic* at 904. For specific jurisdiction to satisfy due process, the party must meet the "minimum contacts" standard, which "encompasses two distinct requirements: (i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *Id*. In an attempt to meet the first of these requirements, Plaintiff alleges that "Jel Sert's … OTTER*POPS branded popsicles are sold throughout Colorado." Compl. ¶ 2. However, Jel Sert's ordinary business activities in Colorado are not relevant to the "minimum contacts" inquiry in this case because Plaintiff seeks a declaratory judgment with respect to Jel Sert's trademark rights. In this context, the "minimum contacts" inquiry focuses on Jel Sert's activities in policing or enforcing its trademark rights, which it has never directed to Colorado. *Avocent Huntsville Corp. v. Aten Intl. Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2009).

In *Avocent*, the Federal Circuit considered specific jurisdiction in Alabama for a declaratory judgment of non-infringement and invalidity of an asserted patent where various Aten products were available for sale in the state. *Id.* at 1327. The Court noted that "the nature of the claim in a declaratory judgment action is to clear the air of infringement charges" and relates not to "the … selling … of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Id*. at 1332 (quotations omitted). The relevant inquiry is whether the declaratory judgment defendant "purposefully directed" enforcement activities to the forum state. *Id*.

Aten's enforcement efforts consisted of three letters, one of which was sent to Avocent's CEO in Alabama providing notice of Aten's patent rights. *Id*. at 1327. The court cited a line of cases holding that patent demand letters by themselves cannot confer specific jurisdiction because "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Id*. at 1328 (quoting *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359-60 (Fed. Cir. 1998)). The Federal Circuit affirmed the district court's dismissal of all claims for lack of personal jurisdiction. *Id*. at 1326.

Multiple courts have applied the *Avocent* holding to declaratory judgment actions involving trademark rights or copyrights. For example, in *Want2Scrap, LLC v. Larsen*, 2018 WL 1762853 (N.D. Ind. Apr. 9, 2018), the court dismissed a declaratory judgment action for non-infringement of copyrights for lack of jurisdiction because "[t]he contacts relevant to personal jurisdiction for a claim of declaratory judgment of non-infringement

are based on … the defendant's enforcement activity, *not* its business activity." *Id*. at *8 (emphasis in original). The only evidence of Larsen's enforcement activity was her attorney's cease-and-desist letter to Want2Scrap in Indiana. *Id*. at *9. Following *Avocent* and *Red Wing Shoe*, the court held that the letter was insufficient to create minimum contacts. *Id*.

Similarly, in *Acumen Brands, Inc. v. NHS, Inc.*, 2017 WL 1330212 (W. D. Ark. Apr. 6, 2017), the court dismissed a declaratory judgment action based on lack of jurisdiction where NHS allegedly had online and retail sales, as well as distributors, in Arkansas. Following *Avocent*, the court stated that NHS's sales of products in Arkansas was "practically immaterial" to the question of whether its trademark was infringed. *Id*. at *4. NHS's alleged enforcement activities were insufficient to constitute minimum contacts because they were a "direct result of Acumen's conduct" rather than examples of NHS "reach[ing] into Arkansas to enforce its trademark." *Id*. at *4. "These enforcement activities are directed at Acumen, but they are not directed at Arkansas." *Id.* Because "the plaintiff cannot be the only link between the defendant and the forum," the court held that it did not have specific jurisdiction over NHS. *Id.* (quoting *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014)).[5]

---

[5] *See also, e.g., Axxess Tech. Sols., Inc. v. Epic Sys. Corp.*, 2017 WL 3841604 (N.D. Tex. Jan. 23, 2017) (no specific jurisdiction where Epic had customers in Texas but no enforcement activity other than a demand letter to Axxess, because "[w]hether Axxess is infringing on Epic's trademark rights has nothing to do with Epic's customers in Texas"); *Am. InterContinental Univ., Inc. v. Am. Univ.*, 124 USPQ2d 1156 (N.D. Ill. 2017) ("[T]he relevant question … is to what extent [the defendant] has purposefully directed efforts to enforce its trademark at Illinois and its residents.")

Plaintiff has not alleged that Jel Sert has conducted any enforcement activities in Colorado other than Jel Sert's demand letter to Plaintiff and subsequent correspondence. Indeed, Jel Sert has never directed any such efforts toward Colorado or its residents, other than Plaintiff. Jel Sert therefore does not have the minimum contacts necessary to be subject to declaratory judgment jurisdiction in this matter.

### III. IF THIS COURT DOES FIND IT HAS JURISDICTION, THE COURT SHOULD DECLINE TO EXERCISE IT.

Even if this Court finds that there is a case and controversy with respect to Plaintiff's federal and Colorado claims and that jurisdiction is proper, the Court should nonetheless exercise its discretion to decline jurisdiction. Whether to permit Plaintiff to proceed with its declaratory judgment action is within the sound discretion of this Court. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). The pertinent factors in considering whether this Court should exercise jurisdiction are (i) whether a declaratory action would settle the controversy; (ii) whether it would serve a useful purpose in clarifying the legal relations at issue; (iii) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; and [iv] whether there is an alternative remedy which is better or more effective."[6] *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Each of these factors weighs against this Court exercising declaratory judgment jurisdiction.

---

[6] The Tenth Circuit's test also includes a fourth factor – whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction – that is not relevant here.

First, a declaratory judgment would not settle the controversy between the parties. As set forth above, resolving Plaintiff's claims under the Lanham Act and Colorado common law would not resolve Jel Sert's actual claims – as reflected in its coercive complaint in the Central District of California – which are governed by California statutes and involve entirely different facts.

Plaintiff attempts to obscure the crucial differences between its declaratory claims and Jel Sert's actual California claims by alleging a case and controversy with respect to the issue of dilution generally. Compl. ¶ 44.[7] However, a judgment by this Court would not and could not resolve Jel Sert's claim under California's trademark dilution statute. Federal trademark dilution requires that a plaintiff show its mark is "widely recognized by the general consuming public <u>of the United States</u>[.]" 15 U.S.C. § 1125(c)(A) (emphasis added). California's statute requires only that a plaintiff show its mark is widely recognized by "the general consuming public <u>of this state</u>" or "a geographic area <u>of this state</u>." Cal. Bus. & Prof. Code § 14247(a) (emphasis added). Because these standards are different, leading to different bodies of relevant facts, the declaratory judgment sought in this case would not resolve Jel Sert's California state law claims. *See Transfinancial Corp v. Xcel Energy, Inc.*, 2007 WL 3256642, *2 (D. Colo. Nov. 1, 2007) (where some of the claims in the coercive action will be left pending, this factor weighs against continuing the declaratory judgment action in this court).

---

[7] Plaintiff also alleges that "[i]nsofar as Jel Sert might allege dilution under state law, none of its trademarks is widely recognized by the general consuming public of any state or region in the United States." Compl. ¶ 39. However, Plaintiff's Complaint does not include an actual cause of action with respect to any state other than Colorado.

Second, this declaratory judgment action will not clarify all of the legal issues between the parties for the same reasons set forth above. Moreover, multiple Circuit Courts have noted that the usefulness of a declaratory judgment action is significantly curtailed once a subsequent, coercive suit is filed. *See, e.g., AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004) ("where a putative defendant files a declaratory judgment action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum …."); *Tempco Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746, 749-50 (7th Cir. 1987) (holding that a declaratory judgment "would serve no useful purpose" where the defendant had filed a trademark infringement suit four days after the declaratory judgment action was filed).

The Tenth Circuit has similarly favored a coercive suit over a declaratory judgment action. In *Buzas Baseball, Inc. v. Board of Regents*, 1999 WL 682883 (10th Cir. Sept. 2, 1999), the Tenth Circuit upheld the dismissal of a declaratory judgment claim filed in Utah by the Salt Lake Buzz, a minor league baseball team, which sought a ruling that its use of "Buzz" did not violate the trademark rights of the Georgia Institute of Technology in its "Buzz" mascot and logo. *Id.* at *1. The parties had engaged in settlement negotiations, but eight days after receiving a draft agreement, the Salt Lake Buzz filed its declaratory judgment action. *Id.* Georgia Tech filed an infringement action in Georgia approximately three weeks later. *Id*. The Utah district court granted Georgia Tech's motion to dismiss. *Id*. In upholding the dismissal, the Tenth Circuit cited *Tempco* (*supra*) for the principle that "where declaratory judgment action is filed in anticipation of trademark infringement

action, [the] infringement action should proceed, even if filed after the declaratory judgment action." *Id*. at *3 (internal quotations omitted). The same is true here. To the extent that there is any controversy between the parties with respect to the issues alleged by Plaintiff, Jel Sert's coercive suit in the Central District of California is the appropriate place to resolve it.

Third, Plaintiff brought this action for the improper purpose of procedural fencing. Courts decline to follow the first-to-file rule when a declaratory judgment plaintiff has acted in bad faith or has filed a preemptive action in anticipation of a trademark lawsuit. *Republic Ins. Co. v. Sinclair Oil Corp.*, 791 F. Supp. 278, 281-82 (D. Utah 1992). *See also AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004) ("Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.").[8]

In this case, after receiving Jel Sert's draft California complaint, Plaintiff's counsel represented that she would "circle up" with her team and respond. Jel Sert's counsel followed up two days later to ask when a response would be forthcoming. Instead, Plaintiff filed this action that same day, plainly attempting to pre-empt Jel Sert's California complaint by filing in Plaintiff's home state. Plaintiff's attempt to secure a more favorable forum weighs heavily in favor of this Court declining to exercise jurisdiction.

---

[8] *See also, e.g., St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) ("A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing."); *Qwest Commc'ns Int'l, Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1206 (D. Colo. 1999) ("The mere fact that a declaratory judgment action, seeking nothing more than a declaration of the parties' rights and defendant's non-liability, is first-filed in a different federal court, does not entitle that action to deference.").

Finally, the California coercive case provides a more effective remedy for resolving this matter in its entirety. As the *AmSouth* court noted, a coercive action will sharpen and refine the issues to be decided, which will include a full range of remedial measures. *AmSouth*, 386 F.3d at 791. Moreover, if Plaintiff seeks to resolve the issue of dilution at the federal level (despite the fact that Jel Sert has not asserted a federal claim), Plaintiff may file a counterclaim for declaratory judgment in the California action. Conversely, it would be illogical, and perhaps inappropriate, for this Court to decide Jel Sert's California state law claims. Plaintiff's concerns can and should therefore be addressed in the context of the California litigation.

## IV. CONCLUSION

Plaintiff was well aware that any action brought by Jel Sert would involve only California state law claims. As such, there is no case or controversy to support the instant action. In addition, Jel Sert is not subject to general jurisdiction in Colorado and has not had sufficient relevant contacts with Colorado to give rise to specific jurisdiction, having not conducted any trademark enforcement activities in this state. Plaintiff filed the instant action immediately after receiving Jel Sert's draft California complaint in an attempt to gain a more favorable forum in its home state. Accordingly, even if this Court does find that it has jurisdiction in this case, the Court should exercise its discretion to decline jurisdiction and allow this matter to be properly resolved in California.

Respectfully submitted this 21st day of August, 2019.

By: *s/ Nathan B. Thoreson*
Cindy Coles Oliver, Esq.
Nathan B. Thoreson, Esq.
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO 80202
(303) 623-9000
COliver@LRRC.com
NThoreson@LRRC.com

### CERTIFICATE OF SERVICE

I, Nathan B. Thoreson, an attorney, state that I caused a copy of the foregoing **Defendant's Motion to Dismiss** to be served via the Court's electronic filing system on August 21, 2019 upon:

Dana Jozefczyk, Esq.
Merchant & Gould P.C.
1801 California Street, Suite 3300
Denver, CO 80202
djozefczyk@merchantgould.com

Ian McFarland, Esq.
Merchant & Gould P.C.
9717 Cogdill Road, Suite 101
Knoxville, TN 37932
imcfarland@merchantgould.com

Heather Kliebenstein, Esq.
Merchant & Gould, P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
hkliebenstein@merchantgould.com

*s/ Nathan B. Thoreson, Esq.*
Nathan B. Thoreson, Esq.