## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| OTTER PRODUCTS, LLC<br><br>                    Plaintiff,<br><br>     v.<br><br>THE JEL SERT CO.,<br><br>     Defendant. | No. 1:19-cv-02126-CMA=NYW |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**I.**   Plaintiff's response glosses over crucial facts which demonstrate that there is no case or controversy regarding the claims pled here and that Plaintiff filed this case in a bad faith race to the courthouse to secure a preferred forum. Before this Complaint was filed, but after Jel Sert's March 2019 letter, the parties' counsels discussed Plaintiff's position that the OTTER*POPS mark is not famous nation-wide (such that Jel Sert could seek protection under 15 U.S.C. § 1125(c)), and Jel Sert's position that the mark is famous on the West Coast and entitled to protection under the California Anti-Dilution Statute. Thus, Jel Sert communicated that if it was forced to seek judicial resolution of its concerns, it would be only under California's anti-dilution statute, not the federal Lanham Act. Plaintiff's response troublingly disregards these communications.

Plaintiff's response further obfuscates the undisputed fact that a mere <u>two</u> days before this Complaint was filed, Jel Sert sent Plaintiff a draft complaint captioned in Central District of California, asserting only claims under California's anti-dilution and unfair competition statutes. Plaintiff's counsel received this draft complaint, and

responded to Jel Sert that she would "circle up" with her team and "get back to" Jel Sert about further settlement discussions. Plaintiff then raced to file this Complaint to secure not only its preferred forum, but also to secure its preferred claims -- even though it was clear at the time of filing this Complaint that Jel Sert was not asserting the claims about which Plaintiff seeks a declaratory relief from this Court. Further demonstrating Plaintiff's bad faith attempt at claim shopping is that Plaintiff's instant Complaint fails to include Jel Sert's prior-communicated California claims, which are now pending in California.[1]

To eliminate any uncertainty with respect to the nature of its claims, Jel Sert provided Plaintiff with a Release and Covenant Not to Sue that was clearly intended to release Plaintiff from the claims framed in its declaratory judgment complaint. Plaintiff's reply quibbles with the language and construction of this release. Thus, to avoid an unnecessary debate over the document, Jel Sert provided Plaintiff with an updated Release and Covenant Not To Sue that fully releases Plaintiff from its claims at issue here. Thus, there is no case or controversy regarding Plaintiff's claims.

As alluded above, this Court should also decline to exercise jurisdiction over Plaintiff's claims because they were filed in an act of procedural fencing. Plaintiff does not refute that after receiving Jel Sert's draft complaint, it filed this suit without getting back to Jel Sert (as it promised it would), and without informing Jel Sert that further discussions would not be had. Plaintiff's silence in the face of its counsel's highly misleading communications that she would "circle up" and "get back to" Jel Sert speaks volumes

---

[1] Jel Sert has since amended its Complaint in the California action to state only a claim under the California Anti-dilution statute, thus removing its claim of unfair competition under California law.

1

about Plaintiff's intent. This court should therefore decline to exercise jurisdiction.

Plaintiff concedes that this Court cannot exercise general jurisdiction over Jel Sert, and its cited authority confirms that Jel Sert's two demand letters and communications with Plaintiff are insufficient to subject Jel Sert to specific jurisdiction here. Plaintiff has thus failed to establish a prima facie case of personal jurisdiction over Jel Sert.

Finally, this Court should decline Plaintiff's request to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1631 because all of the transfer factors weigh strongly in favor of dismissal. Moreover, a transfer to the Northern District of Illinois would unnecessarily complicate matters by involving yet another District, when the claims between the parties are already pending in the Central District of California. The Court should therefore deny Plaintiff's request for a transfer, and dismiss this case.

## II.     Jel Sert's Release Moots Any Case or Controversy As To the Claims Here.

Jel Sert's release moots any case or controversy over Plaintiff's pleaded claims that may still exist. For this Court to have subject matter jurisdiction, an actual case or controversy must exist at every stage of the litigation. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). A case becomes moot—and a federal court is divested of subject matter jurisdiction—when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). In the context of a declaratory judgment action, a covenant not to sue moots a case or controversy where it makes clear that the defendant could not reasonably be expected to resume the complained of enforcement efforts against the plaintiff. *Id*. at 727. Such is the case here.

To make clear that it does not and will not assert the claims framed by Plaintiff's declaratory judgment Complaint, Jel Sert provided Plaintiff with a Release and Covenant Not to Sue under such claims. Seemingly against its own interests, but to maintain this action in its response, Otter Products labors to narrowly construe the release to keep some form of its claims alive. It argues that Jel Sert has not released all 43(a) claims under the Lanham Act, that the release does not extend to its distributors and customers, and that while it releases "claims" it does not release "demands." Jel Sert disagrees, but there is no reason to debate the point. Concurrently with the filing of this brief, Jel Sert provides a revised release that puts these points to rest. *See* Exh. A to Declaration of Antony J. McShane. As reflected in the release:

> Jel Sert hereby unconditionally and irrevocably releases and forever discharges Otter Products from, and further covenants and agrees not to sue Otter Products for, any claim, demand or cause of action (i) under 15 U.S.C. § 1125(c) asserting that the OTTER*POPS mark has achieved nation-wide fame, (ii) that Otter Products' past, present, or future use of the designation OTTER+POP for mobile phone cases with integrated grips constitutes a violation of 15 U.S.C. § 1125(a) or (iii) that Otter Products' past, present, or future use of the designation OTTER+POP for mobile phone cases with integrated grips constitutes unfair competition under the common law of the State of Colorado. The foregoing release, discharge and covenant extends to Otter Products and its officers, directors, distributors, employees, agents, attorneys, consultants, predecessors, successors-in-interest and customers.

Jel Sert's release renders Plaintiff's declaratory judgment claims moot because it wholly releases Plaintiff and its officers, directors, <u>distributors</u>, employees, agents, attorneys, consultants, predecessors, successors-in-interest and <u>customers</u>, and the claims and <u>demands</u> relating to the causes of actions identified in Plaintiffs Complaint, including any

under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *See id*. at 732 (holding that a covenant not to sue mooted trademark declaratory judgment).

Plaintiff attempts to argue that Jel Sert must also release it under every state's anti-dilution statute. Otherwise, Jel Sert might "resume" its enforcement actions under these statutes. But this position is based entirely on speculation. *See Already*, 133 St. Ct. at 727. Jel Sert has never sought to enforce its rights under other states' anti-dilution statutes. Indeed, Jel Sert has only asserted that Plaintiff's OTTER+POP branded mobile phone cases dilute its OTTER*POPS mark in California. Plaintiff apparently concedes this point, as it includes no state anti-dilution claims in its declaratory judgment Complaint. That a case or controversy may someday exist under another unspecified state anti-dilution statute is thus belied by Plaintiff's own submissions to this court. In any event, it is irrelevant to the claims brought in Plaintiff's declaratory judgment Complaint.

Plaintiff next contends that the Covenant should be ignored, and the claims here maintained, because Jel Sert seeks "nationwide" relief in its coercive action. Plaintiff thus implies that Jel Sert should be forced to seek such relief under the Lanham Act. But Plaintiff's claims in this regard are patently false. Jel Sert's California complaint makes clear that Jel Sert seeks an injunction in California under the California anti-dilution statute limited to Plaintiff's activities in California. *See* Ex. B. That Plaintiff may have difficulty complying with such an injunction, should one issue, due to the ecommerce arm of its business does not somehow invalidate the release given, and Plaintiff cites no authority that it does. (Dkt. 20 at 6). Jel Sert's release accordingly moots Plaintiff's claims, and this Court should dismiss this case for lack of subject matter jurisdiction.

### III. Plaintiffs' Response Fails to Refute Key Facts that Demonstrate Its Clear Procedural Fencing Tactics, Which Warrant Dismissal.

Plaintiff's acts of procedural fencing in filing this action -- which Plaintiff glaringly glosses over in its response -- warrant departure from the first-to-file rule and dismissal of this case. *See, e.g., ICON Health, Inc. v. Beachbody, LLC*, 2011 WL 1899390, *2 (D. Utah May 19, 2011) (procedural fencing is the "most significant factor" i jurisdiction).[2]

As discussed above, upon receipt of Jel Sert's July 2019 letter and draft complaint, Plaintiff's counsel stated that she would "circle up" and "get back to [Jel Sert]" regarding a last attempt to reach a resolution. Plaintiff disingenuously tries to obfuscate these facts by mischaracterizing its counsel's emails as merely "acknowledg[ing] receipt" and "innocuously stat[ing] she would confer with her team before further responding". (Dkt. 20 at 14). But these arguments ignore that Plaintiff's counsel did promise a response, and they further ignore the reasonable and predictable effect such communication would have on Jel Sert, namely that it would await Plaintiff's response before filing any action.

Plaintiff further attempts to justify its misleading statements by claiming that its counsel never explicitly asked Jel Sert to refrain from filing suit. (Id. at 15). But this position is also unavailing. Plaintiff's counsel represented there would be at least one more communication before the need to file arose. Plaintiff therefore achieved its desired result -- it gave Jel Sert one final hope that settlement could be reached so Jel Sert would hold off filing until it spoke with Plaintiff further. Plaintiff then filed first in its preferred forum.

---

[2] "Procedural fencing" has been a dispositive factor for other district courts in this circuit. *See, e.g., Charles Mach. Works, Inc. v. Digital Control Inc.*, 264 F. Supp. 2d 980 (W.D. Okla. Apr. 21, 2003); *Obsolete Ford Parts v. Ford Motor Co.*, 306 F. Supp. 2d 1154, 1158 (W.D. Okla. Feb. 20, 2004)

Such conduct is clear evidence of procedural fencing and should not be condoned. *See USANA Health Sciences, Inc. v. SmartShake US, Inc.*, 2018 U.S. Dist. LEXIS 95465, *15 (D. Utah Jun. 5, 2018) (holding plaintiff engaged in procedural fencing when it told defendant that it would "get back to" defendant, but then filed suit the next day).

Plaintiff's response also misleadingly implies that a bright line rule exists that a first-filed suit is not an act of procedural fencing unless the defendant provides a "date certain" on which it will commence litigation, and the declaratory plaintiff then files before that date. (Dkt. 20 at 14). No such rule exists. Rather, the first-to-file rule examines whether the declaratory plaintiff has engaged in "questionable actions" and is not a "mechanical" test. *See Harco Nat'l Ins. v. Roe*, 2016 WL 8674625, *3 (N.D. Okla. Sep. 30, 2016) (citing *Mid-Cont. Cas. Co. v. Valley of Deer Creek Hm. Ass'n, Inc.*, 685 F.3d 977 (10th Cir. 2012)). Each case is therefore assessed on its particular facts.

Indeed, on facts strikingly similar to those here, courts have not hesitated to dismiss a declaratory judgment action due to procedural fencing, even though no "date certain" was involved. For example, in *USANA,* 2018 U.S. Dist. LEXIS 95465, the defendant stated that it might file suit if a resolution could not be reached. *Id*. at 14. The plaintiff acknowledged the defendant's email and stated, "I need to discuss this with our [] team. . . I'll get back to you as soon as I can." *Id*. at 15. The next day, without stating negotiations had broken down, plaintiff filed suit. *Id*. The court held that plaintiff engaged in procedural fencing because under the guise of circling up with its team, it filed suit. *Id*.

The facts in *USANA* parallel those here. Under these highly similar circumstances, it would be nonsensical to suggest that *USANA*'s action was an act of procedural fencing,

but Plaintiff's was not. Plaintiff's conduct thus warrants departure from the first-to-file rule, and the Court should exercise its discretion to decline jurisdiction.

## IV. Plaintiff's Response Fails to Prove a Prima *Facie Case* of Specific Personal Jurisdiction Over Jel Sert

Plaintiff's response confirms this case should be dismissed for lack of personal jurisdiction. Specific personal jurisdiction requires that Plaintiff show that (i) Jel Sert "purposefully directed" significant activities to Colorado related to this suit, and (ii) Plaintiff suffered injuries from these forum-related activities. *See Old Rep. Ins. co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017). Plaintiff fails to establish either prong.

Attempting to establish the first prong, Plaintiff claims that Jel Sert "purposely directed" its activities to the forum by: (i) reaching out to Plaintiff via email in 2018 to discuss the possibility of a collaboration; and (ii) sending cease and desist letters and a draft complaint to Plaintiff after learning of its plans to sell mobile phone cases with integrated grips under the designation OTTER+POP. (Dkt. 20 at 8). Neither of these activities constitute "purposeful direction."

By pointing to the parties' 2018 discussion regarding a separate collaboration, Plaintiff appears to assert that <u>any</u> contact Jel Sert has had with Plaintiff subjects it to personal jurisdiction in this forum, regardless of whether those contacts have anything to do with the present dispute. But this is not the law. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (stating purposeful direction ensures a defendant will not be haled into a jurisdiction as a result of attenuated contacts unrelated to the dispute). Moreover, the 2018 discussions did not give rise to this dispute. The only tenuous connection between the 2018 discussions and this lawsuit is that, sometime during those discussions, Plaintiff

informed Jel Sert of its plan to sell mobile phone cases under the OTTER+POP designation, to which Jel Sert objected. Though Plaintiff chooses its words carefully to imply that Jel Sert reached out to Plaintiff regarding the OTTER+POP collaboration, this is not the case. Thus, Jel Sert did not direct any activities to Colorado related to this action, and this case is thus clearly distinguishable from *C5 Med. Werks, LLC v. CeramTec GmbH*, 2014 U.S. Dist. LEXIS 124989 (D. Colo. Sep. 8, 2014), upon which Plaintiff relies. *See id*. (exercising personal jurisdiction where defendant participated in conferences in Colorado, the dispute related to a conference, defendant had promoted its mark to Colorado residents, and publicized that it would enforce its rights there).

Plaintiff's response also fails to refute that cease and desist letters do not constitute "purposeful direction" and thus cannot give rise to personal jurisdiction. *See e.g.*, *Fusion Entertainment v. Josh Agle, Inc.*, 2008 WL 140489 (D. Colo. Jan. 11, 2008) ("Courts have held that owning intellectual property rights and sending cease and desist letters into a state in connection with the same are not sufficient to establish a basis for personal jurisdiction.")[3] Instead, Plaintiff contends that cease and desist letters, coupled with other conduct, may constitute purposeful direction. But all the cases that Plaintiff cites for this proposition are clearly distinguishable from the facts here.

For example in both *Dudnikov, v. Chalk*, 514 F.3d 1063, 1070 (10th Cir. 2008) and *Openlcr.com, Inc. v. Rates Tech*, 112 F. Supp. 2d 1223, 1227-28 (D. Colo. 2000), the courts drew a distinction between demand letters that are sent solely to the declaratory

---

[3] *See also Baxa Corp. v. Specialty Med. Prods. Inc.*, 2009 WL 982591, *1 (D. Colo. Apr. 13, 2009) (cease and desist letter asserting an intellectual property right cannot provide an adequate basis for specific personal jurisdiction).

judgment plaintiff, which are insufficient to establish "purposeful direction," and communications to third parties that trigger some action that adversely affects the plaintiff, which constitute "purposeful direction." Jel Sert's communications fall into the former category. Moreover, the declaratory judgment defendants in both *Dudnikov* and *Openlcr* had done more than merely send cease and desist letters: both defendants had tortiously interfered with the plaintiff's business and committed torts aimed at the forum related to the lawsuit. Those facts too are absent here.

*Ezfauxdecor LLC v. Appliance Art Inc.*, 2016 U.S. Dist. LEXIS 21742 (D. Kan. Feb. 17, 2016) is similarly distinguishable. In *Ezfauxdecor*, the defendant again did more than send demand letters: it passed its products off as plaintiff's and sold infringing products in the forum. The court properly held these tortious acts were purposefully directed at the forum. *Id*. Jel Sert, however, has directed no tortious acts at Colorado or Plaintiff.

In its best effort to demonstrate otherwise, Plaintiff contends that "*Jel Sert's [enforcement activities] had the effect of creating a cloud of uncertainty felt not just by [Plaintiff], but also by non-party PopSockets. Jel Sert knew. . . that the brunt of the effects would be felt in this State by two Colorado residents*." (Dkt. 20 at 9). But taking actions knowing that they may make a party feel "uncertain" in the forum is a far cry from the tortious acts complained of in *Dudnikov*, *Openlcr* and *Ezfauxdecor*. Plaintiff further cites no authority that holds that creating "uncertainty" constitutes "purposeful direction." Plaintiff thus does not and cannot establish that Jel Sert "purposefully directed" any acts at this forum related to this suit, nor can it establish the second prong -- that Jel Sert's

forum-related activities resulted in injury to Plaintiff. Since Plaintiff fails to make a *prima facie* showing of specific personal jurisdiction, this case should be dismissed.

## V. Transfer Would Not Be In The Interests of Justice.

In determining whether a Section 1631 transfer is in the interests of justice, a court considers: (i) whether the new action would be time barred if filed anew; (ii) whether the claims alleged have merit; and (iii) whether the claims were filed in good faith. *Tierweiler v. Croxton*, 90 F.3d 1523, 1544 (10th Cir. 1996). These factors weigh against transfer.

As discussed in Sections I and II *supra*, Plaintiff's pleaded claims are moot, and therefore lack merit; and Plaintiff filed this case in an act of procedural fencing. Both of these factors thus strongly favor dismissal. *Tierweiler*, 90 F.3d at 1544 ("It is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper."). Moreover, a new action would also not be time barred. *Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc*., 898 F. Supp. 2d 1202 (D. Colo. 2012) (denying transfer where case would not be time-barred if refiled). Thus, none of the Section 1631 considerations are present here.

Finally, dismissal is further warranted because transferring this action to the Northern District of Illinois, as Plaintiff requests, would only waste judicial and party resources. Jel Sert's coercive claim against Plaintiff is already pending in California, and Plaintiff, by requesting a transfer to Illinois, admits that it would not be burdened by having to litigate in California, which is closer to its Colorado domicile than Illinois. Accordingly, the interests of justice and judicial economy favor dismissal, and the Court should therefore deny Plaintiff's request to transfer.

10

Respectfully submitted this 25th day of September, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

s/ *Nathan B. Thoreson*
Cindy Coles Oliver, Esq.
Nathan B. Thoreson, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 623-9000
E-mail: coliver@lrrc.com
E-mail: nthoreson@lrrc.com

Antony J. McShane
Andrew S. Fraker
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
(312) 269-8000
AMcShane@nge.com

*Attorneys for Defendant The Jel Sert Co.*

## CERTIFICATE OF SERVICE

I, Nathan Thoreson, an attorney, state that I caused a copy of the foregoing **Reply in Support of Jel Sert's Motion to Dismiss** to be served via the Court's electronic filing system on all counsel of record on September 25, 2019.

*/s Nathan B. Thoreson, Esq.*
Nathan B. Thoreson, Esq.